CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 2 5 2010

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MARION LEA BEA,<br>Plaintiff, | Civil Action No. 7:10-cv-00180 |
| v. | **MEMORANDUM OPINION** |
| BRYAN B. WATSON, et al.,<br>Defendants. | By: Hon. James C. Turk<br>Senior United States District Judge |

Plaintiff Marion Leon Bea, a Virginia inmate proceeding pro se, filed an omnibus civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants Warden Bryan Watson; Counselor Monk; Counselor Rose; Dr. Thompson; Nurse Stanford; Food Services Director Scarberry; and Food Service Employee Stallard. Plaintiff alleges that he is being unlawfully held in segregation for too long and that he is allergic to foods served on the Common Fare Diet. Despite plaintiff's documented requests to stay out of general population and stay segregated, plaintiff argues that the warden and counselor defendants do nothing to assist him from being released from segregation. Plaintiff argues that the doctor and nurse defendants were negligent and conducted malpractice for not ordering him a custom common fare diet. Plaintiff further alleges that the food service employees did not exhibit ordinary care to make sure he had nutritionally adequate food to which he was not allergic. Upon reviewing the record, the court concludes that plaintiff's misjoined food claims are dismissed without prejudice and plaintiff's remaining claims must be dismissed without prejudice because plaintiff does not qualify to proceed without prepayment of the fee.

I.

Rule 21 of the Federal Rules of Civil Procedure provides that a court may "at any time, [and] on just terms, add or drop a party." Fed. R. Civ. P. 21. A district court possesses broad

discretion to determine the appropriateness of severance under Rule 21. See Saval v. BL, Ltd., 710 F.2d 1027, 1031-32 (4th Cir. 1983). Although Rule 21 does not describe a standard for determining misjoinder, "courts have uniformly held that parties are misjoined when they fail to satisfy either of the preconditions for permissive joinder of parties set forth in [Federal Rule of Civil Procedure] 20(a)." Hanna v. Gravett, 262 F. Supp. 2d 643, 647 (E.D. Va. May 13, 2003). Rule 20(a) permits a plaintiff to join multiple defendants in one action if there is asserted against them any right to relief with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2).

In this action, plaintiff is attempting to pursue two actions from unrelated events: his alleged long-term placement in segregation and his alleged allergic reaction to the Common Fare Diet. Plaintiff presently "tacks-on" his unrelated diet claim in an attempt to litigate his segregation claim without paying the requisite filing fee. Plaintiff's history of litigation reveals plaintiff's desire to force the warden to accommodate his housing requests, whether by segregation or transfer. See, e.g., Bea v. Watson, No. 7:09-cv-00232 (W.D. Va. Jun. 22, 2009) (dismissing plaintiff's complaints about long-term housing in segregation, pursuant to 28 U.S.C. § 1915(g)). However, to permit plaintiff from using misjoined claims and defendants to evade the filing fee requirement for three strikers eviscerates Congress' intent to "bar[] access to federal district court to mischievous inmates intent on engaging in 'recreational litigation.'" Torres v. O'Quinn, No. 06-7770, 2010 U.S. App. LEXIS 14305, at *32 (4th Cir. Jul. 13, 2010). Furthermore, permitting misjoined claims to excuse three-strikers from paying the filing fee would encourage them to file omnibus pro se complaints with that hope at least one claim

"sticks." Accordingly, the court dismisses plaintiff's diet claims without prejudice and terminates defendants Thompson, Stanford, Scarberry, and Stallard for misjoinder. The court proceeds to analyze plaintiff's segregation claim.

II.

Plaintiff applied to proceed without prepayment of the $350.00 filing fee. Section 1915(b) requires the court to assess against an indigent inmate the $350.00 filing fee for a civil action. An inmate who is permitted to proceed in forma pauperis may pay this fee through installments withheld from his inmate account. However, § 1915(g) denies the installment payment method to those inmates who had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim. An inmate-litigant with "three strikes" may nevertheless qualify to proceed under the installment payment plan if he "is in imminent danger of serious physical injury."

The United States District Court for the Eastern District of Virginia held that Bea previously filed at least three civil actions or appeals that were then dismissed as frivolous, malicious, or for failure to state a claim; thus, the Eastern District Court has denied Bea the opportunity to file any further civil actions without prepayment or alleging imminent physical harm, pursuant to § 1915(g). See Bea v. Kendrick, 1:10-cv-00312 (E.D. Va. Apr. 12, 2010) (recognizing that Bea had three previous dismissals that qualified him as a "three-striker" under 28 U.S.C. § 1915(g)). Based on the District Court's findings, the court must deny Bea's request to proceed without prepayment of the filing fee unless he satisfies the "imminent physical injury" requirement of § 1915(g).

Bea's allegations in his complaint do not excuse him from paying the filing fee in-full.

He alleges that he has been in segregated confinement since September 2007 and that an officer acts unprofessionally toward him and tampers with his food. Bea generally alleges that he is scared of staff and feels in danger at WARSP. Plaintiff further complains that non-defendants have negligently prepared and served his Common Fare Diet. Although he alleges that he fears for his life, Bea fails to allege any specific facts on which he bases these fears other than the fact that WARSP is a maximum security prison and that a guard allegedly said he wanted to hit him. Bea's conclusory allegations are not sufficient to demonstrate that he is in imminent danger of physical harm under § 1915(g) so as to allow him to proceed without prepayment of the filing fee. Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) (finding that vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g)). An inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Id. The serious physical injury must also be imminent at the time of filing the complaint and not based on some distant event. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003). Based on the date of Bea's filings, Bea's allegations do not describe any "serious" or "imminent" injury.

Bea clearly knew from previous orders and opinions issued to him in his previous cases that he no longer automatically qualified to proceed in forma pauperis. Therefore, the court dismisses the complaint because Bea fails to satisfy the harm exception to § 1915(g) and failed to pay the filing fee in full at the time of filing the complaint. See, e.g., Dupree v. Palmer, 284 F.3d 1234, 1237 (11th Cir. 2002).

III.

For the foregoing reasons, the court dismisses the food claims without prejudice,

4

terminates Thompson, Stanford, Scarberry, and Stallard for misjoinder, denies plaintiff leave to proceed in forma pauperis, and dismisses the segregation claim without prejudice, pursuant to 28 U.S.C. § 1915(g). Accordingly, the complaint is dismissed without prejudice.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER:** This 25th day of August, 2010.

/s/ James␣C.␣Turk
Senior United States District Judge